**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**


| | | |
|---|---|---|
| JULIUS McBRIDE | ] | |
|     **Plaintiff,** | ] | |
| v. | ] | No. 3:11-1198 |
| | ] | Judge Sharp |
| DAVIDSON COUNTY SHERIFF'S | ] | |
| OFFICE | ] | |
|     Defendant. | ] | |


**M E M O R A N D U M**


The plaintiff, proceeding *pro se*, is an inmate at the Rutherford County Adult Detention Center in Murfreesboro, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Davidson County Sheriff's Office, seeking injunctive relief and damages.

The plaintiff complains about conditions while he was confined at the Davidson County Criminal Justice Center in Nashville. More specifically, the plaintiff claims that he was a victim of sexual harassment during his incarceration at that facility.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that a person or persons, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

A county sheriff's department is not a person that can be sued

under 42 U.S.C. § 1983. <u>Petty v. County of Franklin, Ohio</u>, 478 F.3d 341, 347 (6th Cir. 2007), *see also* <u>Matthews v. Jones</u>, 35 F.3d 1046, 1049 (6th Cir. 1994). Of course, giving this *pro se* pleading a liberal construction, the Court could construe the complaint as an attempt to state a claim against Davidson County, the entity responsible for the operation of the Criminal Justice Center. However, for Davidson County to be liable, the plaintiff would have to allege and prove that his constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the county. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 689-690 (1978). No such allegation appears in the complaint. Therefore, the plaintiff has failed to state a claim upon which § 1983 relief can be granted.

Under such circumstances, the Court is obliged to dismiss the prisoner complaint *sua sponte*. 28 U.S.C. § 1915(e)(2). Accordingly, an appropriate order will be entered.


_____
Kevin H. Sharp
United States District Judge